**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-131-JBC

SHANE MACK LOWRY                                                                      PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

FEDERAL BUREAU OF PRISONS, ET AL.
                                                                                                      DEFENDANTS

    The plaintiff, Shane Mack Lowry, is currently confined at the Federal Corrections Institute in Glenville, West Virginia ("FCI-Gilmer").  The plaintiff has filed a civil rights complaint which the court construes as falling under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  The plaintiff has filed a motion to proceed *in forma pauperis* and supporting documentation [Record No. 3].  The court will address that motion by separate order.

    This matter is before the court for initial screening.  28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

    To state a claim that is cognizable as a *Bivens* action, the plaintiff must plead two essential elements.  He must show that he has been deprived of rights secured by the Constitution or laws of the United States and that the defendants allegedly depriving him of those rights acted under color of *federal* law.  *Bivens*, 403 U.S. at 397.

This is a *pro se* proceeding and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. § 1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is frivolous or malicious or fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

The plaintiff names the following defendants: (1) The Federal Bureau of Prisons ("BOP"); (2) the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"); and (3) an individual whom the plaintiff identifies only as "Counselor Pense of Commonwealth South." The plaintiff does not specify whether he asserts his claims against Pense in his individual or official capacity.

## CLAIMS

The plaintiff does not state the jurisdictional bases of his claim. The plaintiff claims that the defendants denied him pay earned while working at a prison job at FMC-Lexington during February, 2005. He also claims that Counselor Pense lied about the amount of his pay and falsified documents within the BOP on that issue. Broadly construed, the complaint alleges: (1) a violation of the plaintiff's Fifth Amendment right to due process of law, and (2) obstruction of justice.

## ALLEGATIONS OF THE COMPLAINT

The plaintiff states that he filed an administrative claim concerning Counselor

2

Pense's failure to authorize more prompt payment of his prison pay for the month of February, 2005. The plaintiff has attached to his "Certificate of Inmate Account " [Record No. 4] what appears to be his original "Request for Administrative Remedy Informal Resolution Form" (BP-8) which he submitted to FCI-Gilmer on April 16, 2005.[1] In that Request, the plaintiff claimed that Counselor Pense lied to plaintiff about how much his pay would be for the month of February and that Pense failed to pay the plaintiff until April 2005 for work performed in February 2005. The plaintiff asked that Pense be suspended without pay for 60 days for falsifying BOP records and for lying to another staff member.

The plaintiff also attached the " Response to Request for Administrative Remedy Informal Resolution Form" which A. Hale, Counselor at FCI-Gilmer, prepared and dated April 16, 2005 [Record No. 4, Attchmt]. Hale responded after receiving the plaintiff's BP-8 Form; he contacted Counselor Pense at FMC-Lexington. According to Hale, Pense stated that the plaintiff was to have received maintenance pay in the amount of $5.25 for work as an orderly at FMC-Lexington during the month of February, 2005. Hale stated that Pense acknowledged that the plaintiff did not receive his February pay until April 2005. While Hale's statements concerning Pense's explanation for the delayed pay are not artfully worded and are somewhat confusing, it appears that due to some type of unspecified administrative or processing issue relating to the timing of either the pay date or the plaintiff's work date(s), the plaintiff

---

[1] The docket sheet reflects that the plaintiff had already filed his complaint in the court two weeks previously, on April 1, 2005.

did not receive his $5.25 in maintenance pay until April 6, 2005.      Hale further disputed the plaintiff's additional claims that:  (1)  he (plaintiff) was entitled to more than maintenance pay while confined at FMC-Lexington, and (2) that Pense had falsified documents or had lied about the amount of pay to which the plaintiff was entitled.  The record does not contain any indication that the plaintiff filed further administrative appeals to the warden of FCI-Gilmer, the BOP's Mid-Atlantic Regional Office, or to the BOP's General Counsel.

## RELIEF REQUESTED

The plaintiff is seeking damages in the form of back pay, which he claims he earned at his former prison job at FMC-Lexington during the month of February 2005.  He also asks the court to order Counselor Pense to be suspended without pay for 60 days and to be charged with lying to another federal employee and falsifying BOP documents.

## DISCUSSION
### 1. *Bivens* Claims Against the BOP

The BOP is the federal agency which administers the operation of federal prisons.  To the extent that the plaintiff has named the BOP as a defendant and seeks damages from that federal agency, the plaintiff's claim must be dismissed as frivolous.  Sovereign immunity bars any claim against the United States or its agencies.  *See Kentucky v*. *Graham*,  473 U.S. 159, 166 (1985) (any lawsuit against an agency of the United States is, in essence, a suit against the United States); *Hawaii v. Gordon*, 373 U.S. 57, 58 83 S.Ct. 1052 (1963) (a suit against a federal agency is, in reality,

4

one against the United States).

"Federal agencies may not be sued *eo nomine* except as authorized by Congress in 'explicit language.'" *Castleberry v. Alcohol, Tobacco & Firearms Div.*, 530 F.2d, 673 n.3 (5th Cir. 1976) (citing *Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S. Ct. 410, 411 (1952)); *Brooks v. Graber*, 2000 WL 1679420 (D. Kan. November 6, 2000) (no authorization existed to name the Department of Justice because it cannot be sued *eo nomine* as a defendant; moreover, plaintiff's claims were barred by sovereign immunity and/or failure to state a claim of relief). Finally, *see F.D.I.C. v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 1006 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself. We therefore hold that Meyer had no *Bivens* cause of action for damages against FSLIC [the Federal Savings and Loan Insurance Corporation]."[2] The plaintiff therefore fails to state a claim against the BOP, and that claim will be dismissed with prejudice as frivolous. 28 U.S.C. § 1915(A).

---

[2] In *F.D.I.C. v. Meyer*, the Supreme Court elaborated as follows:

> If we were to recognize a direct action for damages against federal agencies, we would be creating a potentially enormous financial burden for the Federal Government. Meyer disputes this reasoning and argues that the Federal Government already expends significant resources indemnifying its employees who are sued under Bivens. Meyer's argument implicitly suggests that the funds used for indemnification could be shifted to cover the direct liability of federal agencies. That may or may not be true, but decisions involving " 'federal fiscal policy' " are not ours to make. *Ibid.* (quoting United States v. Standard Oil Co. of Cal., 332 U.S. 301, 311, 67 S.Ct. 1604, 1609, 91 L.Ed. 2067 (1947)). We leave it to Congress to weigh the implications of such a significant expansion of Government liability.

*F.D.I.C. v. Meyer*, 510 U.S. at 486, 114 S.Ct. at 1006.

2. Claims Against "FMC-Lexington"

The plaintiff has named "FMC-Lexington" as a defendant. FMC- Lexington is a building, a federal prison. To the extent that the BOP administers the operations of FMC-Lexington, the Court construes the claim against FMC-Lexington to be a claim against the BOP. As discussed previously, the doctrine of sovereign immunity precludes any claim against a federal agency. The claim against "FMC-Lexington" will be dismissed with prejudice.

3. Construed Official Capacity
*Bivens* Claims Against Counselor Pense

The plaintiff does not specify whether he is asserting claims against Counselor Pense in his official capacity, but to the extent such a claim could be construed, it must be dismissed. A *Bivens* claim is properly asserted against *individual* federal employees only in their *individual* capacities. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). "[A] *Bivens* claim [for damages] may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (citing *Holloman v. Watt*, 708 F.2d 1399, 1402 (9th Cir. 1983), *cert. denied*, 466 U.S. 958 (1984); *Sanchez-Mariani v. Ellingwood*, 691 F.2d 592 (1st Cir. 1982); *see also Schweiker v. Chilicky*, 487 U.S. 412 (1988); *Butz v. Economou*, 438 U.S. 478, 512-14 (1978)).

When damages are sought against federal employees in their *official* capacities, the damages in essence are sought against the United States, and such claims cannot be maintained. *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252,

6

1256 (2d Cir. 1975); *Morris v. United States*, 521 F.2d 872, 847-75 (9th Cir. 1975). When a federal employee is sued in his individual capacity, the action is not a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). The only proper defendant in a *Bivens* claim is a person acting under color of federal law in that person's individual capacity. Accordingly, any construed Fifth Amendment claims against Counselor Pense in his official capacity are dismissed with prejudice.

### 4. Construed Individual Capacity *Bivens* Claims Against Counselor Pense

The plaintiff's construed Fifth Amendment claims against Counselor Pense, in his individual capacity, must also be dismissed, but without prejudice. The plaintiff has not demonstrated that he has fully exhausted these claims. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires state and federal prisoners bringing actions concerning prison conditions and any other matters incident to prison life, such as excessive force, to exhaust all available administrative remedies before suing in federal court. *See Porter v. Nussle*, 534 U.S. 122 S.Ct. 983 (2002); *Lavista v. Beeler*, 195 F,3d 254, 256 (6th Cir. 1999); *Ricks v. Peterson*, 26 Fed. Appx. 588, 2001 WL 1345089 (8th Cir. (Minn.) November 2, 2001) (Not selected for publication in Federal Reporter) (inmate required to exhaust administrative remedies before bringing suit under *Bivens* based on inadequate conditions of confinement, citing *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819 (2001)).

The PLRA reads as follows:

No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The administrative remedies available to inmates confined in BOP institutions are set out in 28 C.F.R. § 542.10-.19 (1998). Section 542.13(a) demands that an inmate first informally present his complaint to the staff [BP-8 form], thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden [BP-9]. If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director [BP-10] and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel [BP-11]. *See* § 542.15.

The administrative procedure includes established response times. § 542.18. As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days. The agency is permitted only one extension of time of 20-30 days, in writing. If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level. *Id.*

The plaintiff filed a BP-8 which was denied, but he apparently took no subsequent steps to complete the administrative exhaustion process as is required by the PLRA, *Porter v. Nussle*, and 28 C.F.R. § 542.10-.19 (1998). In *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L. Ed.2d 1 (1999), the Supreme Court stated that "we ask not only whether a prisoner has exhausted his state remedies, but

8

also whether he has *properly* exhausted those remedies." *Id*. at 848, 119 S.Ct. 1728 (emphasis in original). Based on the given facts, the plaintiff has not fully and properly exhausted his claims against Counselor Pense in his individual capacity. These claims will be dismissed without prejudice.

### 5. Request for Sanctions

The plaintiff requests the court to enter an order suspending Counselor Pense without pay for 60 days and to have him criminally charged with lying to BOP staff members and/or falsifying documents. This request must be denied. This court cannot impose criminal penalties against Counselor Pense through the mechanism of a civil rights action, absent actions amounting to contempt of court. The law is clear that authority to initiate criminal complaints rests exclusively with state and federal prosecutors. *Sahagian v. Dickey*, 646 F. Supp. 1502 (W.D. Wis. 1986). Such complaints must be initiated by a United States Attorney or a federal grand jury, *Kennedy v. Anderson*, 373 F. Supp. 1345, 1346 (E.D. Okla. 1974); a federal court has no authority to do so. *Sahagian v. Dickey*, 646 F. Supp. at 1506.

Private parties have no right to file criminal complaints under 18 U.S.C. §§ 241-42 (the criminal analogue of 42 U.S.C. § 1983 and *Bivens*). *Cok v. Cosentino* 876 F.2d 1 (1st Cir 1989); *see also Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.C. Ohio 1992) (summary judgment for defendants granted, "It is well established that a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Numerous unpublished opinions of the Sixth Circuit also stand for this

9

proposition.[3]  To the extent that the plaintiff has asserted a construed claim for damages stemming from criminal obstruction of justice, 18 U.S.C. § 1501 does not create a private right of action for damages, but may be enforced only by the Department of Justice. *Ippolito v. Meisel*, 958 F.Supp. 155, 167 (S.D. N.Y. 1997). The plaintiff's request for criminal sanctions is denied.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)  The plaintiff's Fifth Amendment *Bivens* claims against the Bureau of Prisons and FMC-Lexington are **DISMISSED WITH PREJUDICE**.

(2)  The plaintiff's Fifth Amendment *Bivens* claims against Counselor Pense in his *official* capacity are **DISMISSED WITH PREJUDICE**.

(3)  The plaintiff's Fifth Amendment *Bivens* claims against Counselor Pense in his *individual* capacity are **DISMISSED WITHOUT PREJUDICE**.

(4)  This action is **DISMISSED**, *sua sponte*, from the docket of the court, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

---

[3]  *See Hermansen v. Chandler*, 211 F.3d 1269, **2 (6th Cir. (Ky.) April 28, 2000) (Unpublished Disposition); *Walker v. Minton*, 187 F.3d 639, **2 (6th Cir. (Ky.) July 7, 1999); *Merchant v. Patton*, 41 Fed. Appx. 801, 2002 WL 1792080, **1 (6th Cir. (Ky.) August 2, 2002); *Hamilton v. Reed*, 22 Fed. Appx. 551, 2001 WL 1539128 (6th Cir. (Ky.) November 30, 2001); *Franklin v. Henderson*, 15 Fed. Appx. 205, 2001 WL 861697 (6th Cir. (Ohio) June 20, 2001).

Signed on June 24, 2005

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY